UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KARON-JAHLIL WILLIAMS                    CIVIL ACTION NO. 14-3354

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

JANSSEN PHARMACEUTICALS,                 MAGISTRATE JUDGE HORNSBY
INC. ET AL.

**MEMORANDUM RULING**

Before the Court is Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, and Janssen Research and Development, LLC's (collectively "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 56 regarding Plaintiff Karon-Jahlil Williams' ("Williams") Louisiana Product Liability Act ("LPLA") causes of action and other claims. See Record Document 14. Defendants filed the instant Rule 56 motion on the grounds that Williams cannot demonstrate a genuine issue of material fact on several different elements of his claims. See id. For the reasons which follow, Defendants' Motion is **GRANTED**, and all of Williams' claims against Defendants are **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Williams is a domiciliary of Bienville Parish, Louisiana. See Record Document 1 ¶ 1. Defendants are pharmaceutical companies that designed, manufactured, and marketed the prescription medications Risperdal, Risperdal Consta, and Invega. See id. at ¶ 2. Williams alleges that after taking these medications, he experienced gynecomastia, an abnormal enlargement of the breasts in males. See Record Document 1 at ¶ 7. According to Williams, developing this condition caused him to suffer a variety

of damages, including mental anguish and loss of enjoyment of life from the social stigma that resulted from this condition. See id. at ¶ 58.

Williams filed the instant suit on December 2, 2014, asserting all four of the possible causes of action under the LPLA, negligence, breach of warranty of fitness for ordinary use, breach of warranty of merchantability and fitness, strict liability, violations of federal regulations, and redhibition. See id. at 11. Defendants filed this Motion for Summary Judgment on July 1, 2016. See Record Document 14. Williams responded in opposition to the Motion. See Record Document 16. Defendants filed a reply to Williams' response. See Record Document 18.

## LAW AND ANALYSIS

### I. LEGAL STANDARDS

#### A. Summary Judgment

Rule 56 of the F.R.C.P. governs summary judgment. This rule provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). Also, "a party asserting that a fact cannot be or is genuinely disputed must support the motion by citing to particular parts of materials in the record, including . . . affidavits . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." F.R.C.P. 56(c)(1)(A) and (B). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." F.R.C.P. 56(e)(3).

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (U.S. 1986) (internal quotations and citations omitted). If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See Celotex, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (U.S. 1986); see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d 1069, 1075 (5th Cir. 1994).

Additionally, in deciding a summary judgment motion, courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts." Id. Courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.

**B. The LPLA**

The LPLA provides the exclusive remedy for products liability actions against manufacturers under Louisiana law. See La. R.S. § 9:2800.52 *et seq.* "A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability" outside of the LPLA. Id. A successful LPLA claim requires proof that an

unreasonably dangerous characteristic of the manufacturer's product proximately caused damages to the claimant when the claimant used the product in a reasonably anticipated manner. See La. R.S. § 9:2800.54(A). The LPLA provides that a manufacturer can be held liable for its product if and only if the product is unreasonably dangerous in at least one of four ways: (1) unreasonably dangerous in construction or composition; (2) unreasonably dangerous in design; (3) unreasonably dangerous because an adequate warning about the product has not been provided; (4) unreasonably dangerous because it does not conform to an express warning of the manufacturer about the product. See La. R.S. 9:2800.54(B).

In any personal injury suit, including a product liability action, the "plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury." Maranto v. Goodyear Tire & Rubber Co., 650 So. 2d 757, 759 (La. 02/20/1995); see also Kemp v. Metabolife Int'l, Inc., 2004 U.S. Dist. LEXIS 18738 at *10 (E.D. La. 2004). "Proof of causation has two components, general and specific." Pick v. American Medical Systems, Inc., 958 F. Supp. 1151, 1164 (E.D. La. 1997). "General causation deals with whether the substance at issue . . . can cause diseases or disorders in people in general." Id. "Specific causation focuses upon whether the substance . . . was in fact the cause of the ailments or symptoms in the particular patient." Id. A plaintiff must have expert medical testimony to prove causation in a product liability claim involving prescription medications. See Lewis v. Pfizer Pharm. Co., 2010 U.S. Dist. LEXIS 99648 at *1 (W.D. La. 2010); see also Kemp, 2004 U.S. Dist. LEXIS 18738 at *10-12.

II.  ANALYSIS

    A.  The LPLA Claims

Defendants argue that there is no genuine issue of material fact on several elements of Williams' LPLA claims, including the elements of the existence of a defect in the products and proximate cause. See Record Document 14-1 at 5. Citing to Lewis and other similar cases, Defendants argue that because Williams has presented no medical or scientific evidence of causation linking Defendants' products to Williams' injuries, there is no genuine issue of material fact on the element of causation. See id. Defendants also argue that because expert testimony is necessary to show that a complex product like a prescription medication is defective, Williams cannot demonstrate a genuine issue of material fact on the element of a defect either. See id. at 6-11; see Zachary v. Dow Corning Corp., 884 F. Supp. 1061, 1065 (M.D. La. 1995) (granting summary judgment in product liability action when plaintiff provided no expert testimony of a defect in the product).

Williams did not address either argument in his Opposition to the Motion for Summary Judgment. See Record Document 16. In fact, Williams admits in his Response to Defendants' Statement of Uncontested Material Facts that he has not submitted any expert reports to Defendants. See Record Document 16-1 ¶ 8. There are no expert affidavits attached to the Opposition, and none of the other attached evidence demonstrates a genuine issue of material fact on whether the product is defective or whether any alleged defect caused Williams injuries.[1] See Record Document 16.

---

[1] Williams did provide some medical records from one treating physician and deposition testimony from another, which he seeks to file under seal. See Record Document 17. None of the evidence from the treating physicians addresses the elements of causation

Page 5 of 9

Therefore, Defendants carried their summary judgment burden by pointing out a lack of evidence on two necessary elements of Williams' LPLA causes of action, and Williams did not meet his burden of demonstrating a genuine issue of material fact on these two elements. The Court must grant summary judgment in favor of Defendants on Williams' LPLA claims.

### B. Negligence, Breach of Warranty, Strict Liability, and Violation of Federal Regulations.

Williams bases his other causes of action against Defendants on the same conduct upon which he bases his LPLA causes of action: the design, manufacture, and marketing of three prescription drugs. See Record Document 1 at ¶¶ 2, 8-15. However, "the LPLA establishes the exclusive theories of liability for manufacturers for damage caused by their products" in Louisiana. La. R.S. § 9:2800.52.

Williams agrees that his causes of action for negligence, breach of warranty, and strict liability "are subsumed within the framework of the LPLA." Record Document 16 at 7. Williams does not mention his claim for violation of federal regulations in the same section of his Opposition to the Motion for Summary Judgment as these other claims, but it appears that there is no such cause of action. See id. Williams' complaint alleges violations of 21 U.S.C. §§ 321, 331, 351, and 352 as a separate cause of action, but these provisions do not create a cause of action for private parties based upon a violation of their requirements. See Record Document 1 at ¶¶ 53, 54. A violation of a statute or regulation could of course serve as some evidence of a defect in a product or as the basis

---

or the existence of a defect. See id. Though the treating physicians may be qualified to discuss medical causation, the evidence provided merely confirms that Williams was prescribed the medications in question, and the doctors discuss neither the existence of a defect nor medical causation. See id.

for establishing negligence *per se*, but the mere existence of a regulation does not automatically grant the ability for a private party to sue for a violation of the regulation. Therefore, because Williams attempts to base his other causes of action on Defendants' allegedly defective products and the LPLA provides the exclusive causes of action for such claims, Defendants are entitled to judgment as a matter of law on Williams' negligence, breach of warranty, strict liability, and violation of federal regulations causes of action.

### C. Redhibition

Williams argues that his redhibition cause of action is not subsumed within the framework of the LPLA. See Record Document 16 at 8-9. Williams cites to Pipitone v. Biomatrix, Inc., 288 F.3d 239, 246 (5th Cir. 2002) to support this argument. There, the Fifth Circuit held that the LPLA does not prevent a claimant from also bringing a redhibition cause of action, but any damage recovery from such a cause of action is limited to "the value of the product or other economic loss." Pipitone, 288 F.3d at 251.

Defendants offer no argument to the contrary, and Pipitone's holding has not been overruled; therefore, the Court finds that Williams' redhibition cause of action is not barred by the LPLA. However, the Court also finds that there is no genuine issue of material fact on Williams' redhibition cause of action. A redhibition cause of action seeks either rescission of a contract or damages equal to a reduction in the price of a thing sold when there is a defect in the thing that renders it either totally useless or of diminished usefulness. See La. C.C. art. 2520. Obviously, this requires proof that the thing sold is actually defective. See Parker v. Dubus Engine Co., 563 So. 2d 355, 358 (La. App. 3 Cir.

05/23/1990) ("to establish a prima facie case in redhibition, a buyer must show that a non-apparent defect existed at the time of sale").

The Court has not found any cases directly stating that expert testimony is necessary for a successful redhibition cause of action. However, most redhibition cases involving products of any complexity involve expert testimony. See, e.g., id. (discussing expert trial testimony related to the cause of an engine fire); Pipitone, 288 F.3d at 244-50 (reversing the trial court's ruling on a Daubert motion in an LPLA and redhibition action); Harris v. Drexler Motor Co., 339 So. 2d 1304, 1305-07 (La. App. 1 Cir. 11/15/1976) (evaluating expert testimony by dueling experts related to the existence of an alleged defect in an automobile at the time of sale). If proof of a defect in a product for the purposes of an LPLA cause of action requires expert testimony, it would be illogical to conclude that the same product could be proven defective in a redhibition cause of action without expert testimony. See Zachary, 884 F. Supp. at 1065. Thus, the Court concludes that, at least in the context of a redhibition action involving an allegedly defective prescription medication, expert testimony is necessary to prove that the medication is defective.

As discussed above, Williams has provided no expert evidence to support his allegations that the Defendants' products were defective. Therefore, the Court finds that there is no genuine issue of material fact on Williams' redhibition cause of action.

## CONCLUSION

Defendants met their summary judgment burden by pointing out a lack of evidence on several elements of Williams' causes of action. Williams failed to demonstrate a genuine issue of material fact on the challenged elements. Defendants' Motion for

Summary Judgment is therefore **GRANTED**, and all of Williams' causes of action against Defendants are hereby **DISMISSED WITH PREJUDICE**. Williams also filed a Motion for Leave to file certain medical records under seal (Record Document 17). Because the Court grants summary judgment for Defendants on all of Williams' causes of action, the Motion for Leave to file certain medical records under seal is **DENIED AS MOOT**, and the Court has accordingly not taken these records into account other than to determine that they would add nothing to Williams' argument against summary judgment.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 20th day of October, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE